FILED

APR 2 6 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BRAVO-AVENDANDO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 12-1227<br>Cr. No. 11-4767<br><br>ORDER |

On May 12, 2012, Petitioner Carlos Bravo-Avendando ("Mr. Bravo"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Mr. Bravo states that he signed a "deal" for 12-18 months under the guidelines, but received a sentence of 22 months and 3 years supervised release instead. This is Mr. Bravo's only claim for relief. For the reasons stated below, Mr. Bravo's Motion is **DENIED.**

First, Mr. Bravo pled guilty, pursuant to a written plea agreement, to one count of illegal Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Bravo explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996),

*cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Bravo expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Bravo is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Second, Mr. Bravo's written plea agreement did not specify a sentencing guideline range of 12-18 months as Mr. Bravo claims. In fact, section IX of the plea agreement specifically states "that the sentence is within the sole discretion of the sentencing judge" and that "any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. (Emphasis in original.) Additionally, section X, subsection D, states that the "parties have no agreement to defendant's Criminal History Category." Without a definitive Criminal History Category, it is not possible to calculate the appropriate guideline range. Hence, Mr. Bravo's written plea agreement did not specify a guideline range of 12-18 months as he claims. Accordingly,

**IT IS ORDERED** that Mr. Bravo's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

4/26/13
date

GORDON THOMPSON, JR.
United States District Judge

cc: All parties and Probation Department